Meggan J. Hathaway, WSB# 7- 4856
Sundahl, Powers, Kapp & Martin, L.L.C.
500 W. 18th Street, Suite 200
P.O. Box 328
Cheyenne, WY 82003-0328
(307)632-6421
(307)632-7216 facsimile
mhathaway@spkm.org
*Attorney for Plaintiff*

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2024 NOV 21 PM 4: 25

MARGARET BOTKINS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| DEALDASH, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 24-CV-236-J |
| vs. | ) |
| | ) |
| BRANDIE RAYE, LLC d/b/a | ) |
| I-80 TOWING, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT, REPLEVIN, AND INJUNCTIVE RELIEF

**COMES NOW** DealDash, Inc. ("DealDash") by and through its attorney, Sundahl, Powers, Kapp & Martin, LLC, and for its Complaint for Declaratory Judgment, Replevin, and Injunctive Relief. Plaintiff seeks a declaration that Defendant failed to properly file a storage lien against personal property for which Plaintiff is the rightful owner. Plaintiff also seeks preliminary injunctive relief to prevent Defendant from selling the personal property at a public auction.

For its Complaint, Plaintiff states and alleges as follows:

## I. PARTIES

1.  Plaintiff DealDash Inc. is a corporation organized under the laws of the state of Delaware, with its principal place of business at 2042 Wooddale Drive, Woodbury, Minnesota 55125.

2.  Defendant Brandie Raye LLC d/b/a I-80 Towing is a Wyoming limited liability company with its principal place of business at 1209 S 3rd St., Laramie, Wyoming 82070.

## II. JURISDICTION & VENUE

3.  Plaintiff incorporates all preceding allegations in paragraphs one and two above as if fully restated herein.

4.  This Court has diversity jurisdiction over the claims pursuant to 28 U.S.C. §1332 as this is an action between citizens of different states and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5.  This action involves an improper storage lien by Defendant with its principal place of business in Albany County, Wyoming; thus, venue is proper before this Court pursuant to 28. U.S.C. §1391(b)(1).

## III. FACTS COMMON TO ALL CLAIMS

6.  Plaintiff incorporates all preceding allegations in paragraphs one through five above as if fully restated herein.

7.  On or about September 6, 2024, Jogi Trans Inc. was transporting 11,217 knives owned by DealDash from a warehouse in Maryland to Ogden, Utah.

8. The tractor-trailer being operated by Jogi Trans Inc. rolled over on Interstate 80, near mile marker 298, in Albany County, Wyoming.

9. Defendant I-80 Towing was dispatched by Wyoming Highway Patrol and responded to the scene of the wreck.

10. I-80 Towing refused to allow another driver from Jogi Trans Inc. to assess the accident scene and the cargo.

11. I-80 Towing removed the cargo from the overturned trailer and then towed the tractor, trailer, and cargo to its yard located in Albany County, Wyoming.

12. On October 9, 2024, Defendant filed a Lien Statement against the knives owned by DealDash. (A Copy of the Lien Statement is attached to the Complaint as Exhibit A.)

13. The Lien Statement provides that the amount due and owing for the services and storage of the knives is One Hundred Forty Thousand Eight Hundred Thirty-Eight Dollars ($140,838.00), which includes amount due for the recovery, towing, and storage of the tractor and trailer.

14. Upon information and belief, since filing the Lien Statement, Defendant has added a 5% Administrative Fee of Nine Thousand Two Hundred Seventy-Four Dollars and Forty Cents ($9,274.40) to the amount claimed to be due and owing for the services and storage of the knives.

15. Plaintiff is not the owner of the tractor or trailer.

16. Defendant has never provided notice of the Lien Statement to Plaintiff as required by W.S. §29-1-312(c).

17. Upon information and belief, Defendant has been paid Eleven Thousand Dollars ($11,000.00) for the storage of the knives but refused to release the property because additional amounts for the towing and storage of the tractor and trailer were not paid.

18. Defendant charged One Hundred Five Thousand Five Hundred Eighty-Eight Dollars and Zero Cents ($105,588.00) for the towing and recovery of the vehicle, Seven Hundred and Twenty-Five Dollars ($725) per day for the storage of the knives, Two Hundred and Twenty-Five Dollars ($225) per day for the storage of the tractor, and Two Hundred and Twenty-Five Dollars ($225) per day for the storage of the trailer.

19. On or about October 28, 2024, Defendant issued a "Notice of Public or Private Sale of Items in Storage At I-80 Towing" advising that Defendant intended to sell the knives on November 4, 2024.

20. The Notice of Sale was not served on Plaintiff.

21. Plaintiff became aware of the Notice of Sale on November 7, 2024, three days after the sale was supposed to take place.

22. Upon information and belief, the sale of the knives did not take place.

**FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT**

23. Plaintiff restates and incorporates by reference all allegations set forth in paragraphs one through twenty-two as set forth above.

24. On information and belief, Defendant claims a lien on the knives pursuant to W.S. §§ 29-7-101 *et seq.*

25. Pursuant to W.S. § 29-7-101(a), Defendant is entitled to a lien on any goods for his *reasonable* charges for work or services performed.

26. Defendant's lien contains material misstatements and false claims due to claiming amounts for the towing and storage of the tractor and trailer to be included in lien for the storage of the knives.

27. Pursuant to W.S. § 29-7-103(a), the Notice shall include information required under W.S. 29-1-312(b). Defendant's notice fails to include the following: the name and address of the record owner against whose property the lien is filed (W.S. 29-1-312(b)(iii)).

28. Defendant has failed to provide Notice to the record owner as required under W.S. § 29-1-312(c).

29. Defendant's charges are unreasonable and include inflated amounts that were not incurred for the services and storage of the knives.

30. A justiciable controversy exists between the Plaintiff and the Defendant, within this Court's jurisdiction under W.S. § 29-7-103 concerning the respective rights pursuant to W.S. §§ 29-7-101 *et seq.*

31. Plaintiff is entitled to ask this Court for a declaration of the validity of Defendant's storage lien.

## SECOND CAUSE OF ACTION – REPLEVIN

32. Plaintiff restates and incorporates by reference all allegations set forth in paragraph one through thirty-one as set forth above.

33. Plaintiff is entitled to recover possession of the knives.

34. Defendant accepted payment of Eleven Thousand Dollars ($11,000.00) for the storage of the knives but refused to return the property because additional amounts for the towing and storage of the tractor and trailer had not been paid.

35. The storage fee of Seven Hundred and Twenty-Five Dollars ($725) per day for the knives is not fair or reasonable.

36. Requiring payment of the towing and recovery of the tractor and trailer, along with storage fees of Two Hundred and Twenty-Five dollars ($225) per day for the tractor and an additional storage fee of Two Hundred and Twenty-Five dollars ($225) per day for the trailer is not fair or reasonable.

37. To Plaintiff's best knowledge, information, and belief, the property is located at 3830 Cherrywood Loop, Laramie, Wyoming 82070.

38. Plaintiff is entitled to a writ of replevin requiring Defendant to return the knives.

## THIRD CAUSE OF ACTION- PRELIMINARY INJUNCTIVE RELIEF

39. Plaintiff restates and incorporate by reference all allegations set forth in paragraph one through thirty-eight as set forth above.

40. Pursuant to Rule 65 of the Wyoming Rules of Civil Procedure, and W.S. §§ 1-28-*101 et seq.*, Plaintiff will suffer irreparable harm if the knives are sold at a public auction. Plaintiff is entitled to preliminary injunctive relief prohibiting Defendant from selling the knives at a public auction.

41. Defendant will suffer no injury pending the Court's determination of the validity of its storage lien.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. That Defendant be adjudged to have no lien upon the knives,

2. The storage fees charged by Defendant are not fair and reasonable,

3. That Plaintiff is entitled to possession of the knives,

4. That Plaintiff is entitled to costs and reasonable attorneys' fees, and

5. That Plaintiff be awarded such other and further relief as this Court deems just and equitable.

**DATED** this 21st day of November 2024.

Meggan J. Hathaway, WSB# 7-4856
Sundahl, Powers, Kapp & Martin, LLC
500 W. 18th Street, Suite 200 (82001)
P.O. Box 328
Cheyenne, WY 82003-0328
(307)632-6421
(307)632-7216 (fax)
*Attorney for Plaintiff*

ALBANY COUNTY, LARAMIE, WY  KAYLA WHITE, ALBANY CO CLK
10/9/2024  10:25 AM      #2024-4592  1 OF 4

STATE OF WYOMING )
) ss.
COUNTY OF ALBANY )

## LIEN STATEMENT

Pursuant to the provisions of W.S. § 29-1-312 and W.S. §§ 29-7-101 to -106 relating to lien statements concerning personal property, the undersigned hereby files this lien statement and swears as follows:

1. Name and address of the lien claimant with the lien right and seeking to enforce this lien:

   I-80 Towing
   1209 S. 3rd Street
   Laramie, Wyoming 82070

2. The amount claimed to be due and owing to lien claimant for services and storage of the property that is the subject of this lien is One Hundred Forty Thousand Eight Hundred Thirty Eight and 00/100 Dollars ($140,838.00) plus attorney's fees and costs, including recording fees, incurred by lien claimant in the collection of this amount. Interest should accrue at a rate as allowed by law for loss of use of money and should continue to accrue in that amount each day.

3. The entity against whose property the lien is filed is believed to be:

   GPA Logistics            Propack Logistics
   1010 Swan Creek Dr.      295 S. Depot Drive
   Baltimore, MD 21224      Ogden, UT 84404

4. An itemized list setting forth and describing the work performed and storage furnished by the lien claimant: The lien claimant was requested by law enforcement to tow a wrecked semitruck transporting knives shipped from GPA Logistics in Baltimore, MD and being shipped to Propack Logistics in Ogden, UT. Based upon the documentation located at the wreck, it is unknown when ownership of the knives transferred.

The amounts due and owing from either GPA Logistics and/or Propack Logistics for the services performed and storage provided to the property that is the subject of the lien are set forth in the actual invoice, attached hereto as Exhibit "A." As the attached invoice shows, the lien claimant provided recovery services and storage for the cargo.

**EXHIBIT A**

5.    The name of the persons whom the lien claimant asserts is/are obligated to pay the debt secured by the lien:

      GPA Logistics               Propack Logistics
      1010 Swan Creek Dr.     295 S. Depot Drive
      Baltimore, MD 21224     Ogden, UT 84404

6.    The lien claimant continues to furnish storage services for GPA Logistics and/or Propack Logistics at a daily storage rate of $225.00 for the truck and trailer, and $725.00 for the cargo.

7.    The property which is the subject of the lien is described as:

      A shipment of knives. Attached is the Bill of Lading for the property subject to the lien marked as Exhibit "B."

8.    The lien claimant is currently in possession of the property which is the subject of the lien, and the owner has not consented to the filing of this lien. The property is being stored at I-80 Towing facility at 1209 S. 3rd Street, Laramie, WY, 82070.

9.    The lien claimant is entitled to a lien on said property pursuant to Wyo. Stat. Ann. § 29-7-101(a)(i) as it stores said property.

DATED this 8th day of October, 2024.

**I-80 Towing**

By: _____
Thomas E. Mullan

_____
Print Name: Thomas E. Mullan, President

STATE OF WYOMING    )
                             ) ss.
COUNTY OF ALBANY   )

On this 8th day of October, 2024, subscribed and sworn to before me personally appeared Thomas E. Mullan, to me personally known, who has read the foregoing Lien Statement and knows the contents thereof and the facts are true to the best of his knowledge, and being by me duly sworn, did state that he is the President/Owner of the lien claimant, I-80 Towing, and that this lien statement was signed and sealed on behalf of the lien claimant by authority granted to the signatory by the lien claimant.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires: Feb. 12, 2030

> BRAIDYN BRISTOW
> Notary Public - State of Wyoming
> Commission ID 169544
> My Commission Expires FEB. 12, 2030

ALBANY COUNTY, LARAMIE, WY  KAYLA WHITE, ALBANY CO CLK
10/9/2024  10:25 AM     #2024-4592  3 OF 4

Invoice: 32114
Date: 09-06-2024

# I-80 Towing
## PO Box 2512
## 1209 S 3rd St
## Laramie, WY 82070
## P: 307.742.6329
## F: 307.742.2170

Name: Jogi Trans INC  DOT# 3730965 Madera CA Phone# 909-201-6728
Truck #06  Trailer# 841/2017
Situation: rolled over semi truck and trailer with trailer breached.
We received a call from the Wyoming highway patrol at 2:10am on 09-06-2024. They requested we respond to a semi truck trailer crash on Interstate 80 mile post 298 westbound.
A large wrecker and a unit with traffic control devices were sent to the scene.
They arrived on scene and did an evaluation of the crash scene. The units had traveled off the interstate from westbound to the eastbound right away fence and the units were resting on their passenger side with the trailer breached open and cargo coming out of the trailer. All law enforcement personal were gone from the scene when we arrived. It was determined that we would need to unload the cargo in order to recover the wreckage.
The traffic controller stayed with cargo until we returned with the equipment to perform the recovery. Two large wreckers, a skid steer, a rollback wrecker, a semi truck with a dry van trailer, a traffic controller and 4 extra laborers were sent to the scene. Another driver from the company had stopped and wanted to go through the crash site we informed him he was not allowed on the crash scene he left. WYDOT stopped by and informed us they wanted the scene cleared as there were cattle in the area and they would need to fix the fence line.
We had to pull the cargo out of the wrecked trailer. It was palletized and shrink wrapped, then loaded it with the skid steer onto our trailer. This was a time consuming process. Once all the cargo was removed and reloaded we winched the units to a safe spot for the up righting process. The units were rolled back onto their wheels, removed the driveline and connected them to tow truck. The scene was cleared and WYDOT personal repaired the fence. The units were towed to tow yard and disconnected then all recovery equipment was returned to a readiness state.

| | |
|---|---:|
| Cost: price per pound at 1.40 per pound X 75,420lbs | 105,588.00 |
| Storage truck 225.00 per day start 09-07-2024 (as of 10-7-2024) | 6,750.00 |
| Storage trailer 225.00 per day start 09-07-2024 (as of 10-7-2024) | 6750.00 |
| Storage cargo on tow carrier trailer 725.00 per day start 09-07-2024 (as of 10-7-2024) | 21,750.00 |
| Subtotal: | 140,838.00 |

Broker Geodis Hubert  630-453-8797  Hubert.CELINSKI@geodis.com

Mike Ross
Blue Rivers Ins
661-498-5555
Claim# F242495
Adjuster 661-889-7218

EXHIBIT A

ALBANY COUNTY, LARAMIE, WY  KAYLA WHITE, ALBANY CO CLK
10/9/2024  10:25 AM    #2024-4592  4 OF 4

Date: 03 Sep 2024

# BILL OF LADING

Page 1

**SHIP FROM**
Name: GPA Logistics
Address: 1010 Swan Creek Dr.
City/State/Zip: Baltimore, MD 21224
SID#:
Appointment:

Bill of Lading Number: LD330822

**SHIP TO**
Name: Propack Logistics
Address: 295 S. Depot Drive
City/State/Zip: Ogden, UT 84404
CID#:
Appointment:

CARRIER NAME: JOGI TRANS INC
Trailer Number: 2017
Seal Number(s):
SCAC: JOGN
Pro Number:

**THIRD PARTY FREIGHT CHARGES BILL TO**
Name: GEODIS Trans Solutions, LLC Attn: Freight Pay
Address: 5204 Tennyson Parkway, Suite 100
City/State/Zip: Plano, TX 75024

References:
PO Number: 3424
Trailer Number: 2017

Freight Charge Terms: (freight charges are prepaid unless marked otherwise)
Prepaid  X    Collect ___    3rd Party ___

☐ (check box) Master Bill of Lading: with attached Underlying Bills of Lading

Special Instructions: **Attention**By accepting this shipment, Carrier WILL NOT BE PAID UNTIL POD IS SENT, all fines must be signed. Fine of $50/day that POD is not received. Carrier agrees to LATE FEE of $200 per day to be deducted from carrier line haul for missed deliveries. Deliveries MUST be made on ASSIGNED delivery date/time reflected on rate confirmation. Carriers are also subject to fines if; There is no communication regarding all setback/delays, early/late arrival for pickups or deliveries. **Driver must be on Macro-Point or there will be a $100 rate reduction.

Load ID: LD330822

**CUSTOMER ORDER INFORMATION**

| CUSTOMER ORDER NUMBER | # PKGS | WEIGHT | PALLET/SLIP (CIRCLE ONE) | | ADDITIONAL SHIPPER INFO |
|---|---|---|---|---|---|
| | 28.0 | 23500.0 | Y | N | |
| **GRAND TOTAL** | 28.0 | 23500.0 | | | |

**CARRIER INFORMATION**

| HANDLING UNIT | | PACKAGE | | WEIGHT | H.M. (X) | COMMODITY DESCRIPTION | LTL ONLY | |
|---|---|---|---|---|---|---|---|---|
| QTY | TYPE | QTY | TYPE | | | | NMFC # | CLASS |
| | PLT | 28.0 | PLT | 23500.0 | | Knives | | 85.0 |
| 0.0 | | 28.0 | | 23500.0 | | **GRAND TOTAL** | | |

Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property as follows:
"The agreed or declared value of the property is specifically stated by the shipper to be not exceeding _____ per _____."

COD Amount: $ _____
Fee Terms: Collect ☐  Prepaid ☐
Customer check acceptable: ☐

NOTE Liability Limitation for loss or damage is this shipment may be applicable. See 49 U.S.C. 14706(c)(1)(A) and (B).

RECEIVED, subject to individually determined rates or contracts that have been agreed upon in writing between the carrier and shipper, if applicable, otherwise to the rates, classifications and rules that have been established by the carrier and are available to the shipper, on request. The shipper hereby certifies that he/she is familiar with all the terms and conditions of the NMFC Uniform Straight Bill of Lading, including those on the back thereof, and the said terms and conditions are hereby agreed to by the shipper and accepted for him/herself and his/her assigns.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

_____ Shipper Signature

**SHIPPER SIGNATURE / DATE**
This is to certify that the above named materials are properly classified, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the DOT.

Jevan McClure  9/3/24

Trailer Loaded:
☐ By Shipper
☐ By Driver

Freight Counted:
☐ By Shipper
☐ By Driver / pallets said to contain
☐ By Driver / Pieces

**CARRIER SIGNATURE / PICKUP DATE**
Carrier acknowledges receipt of packages and required placards. Carrier certifies emergency response information was made available and/or carrier has the DOT emergency response guidebook or equivalent documentation in the vehicle. Property described above is received in good order, except as noted.

_____

**EXHIBIT B**